■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBRA J. ORTIZ, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting her of conspiracy in the fourth degree, defendant contends that the evidence was insufficient to connect her with the conspiracy and that the acts relied upon by the prosecution did not constitute overt acts required to convict for conspiracy.

We affirm. From defendant's presence at the two meetings where the conspirators discussed the infliction of injury upon the intended victim, and from her assent that the intended victim's name be given to the hired assailants the jury could infer not only that she was a part of the conspiracy, but also that she concurred in the nature of the injuries to be inflicted.

Once the conspiratorial agreement has been established, "virtually any act [in furtherance of the conspiracy] will satisfy the overt act requirement" (LaFave and Scott, Criminal Law § 62, at 477-478). The jury properly could have inferred that writing the note containing descriptive information about the intended victim and handing it to one of the hired assailants were acts which occurred after the conspiracy had been established, were in furtherance thereof, and thus were overt acts. (Appeal from judgment of Monroe County Court, Celli, J.—conspiracy, fourth degree.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.